UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-00163

DAVID GRIFFIN                                                                           PLAINTIFF

v.

CHARLES A. JONES, *et al.*                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on a motion to dismiss by Defendant Sarah C. Jones (Docket No. 22). Plaintiff David Griffin has responded (Docket No. 24), and Defendant has replied (Docket No. 26). Plaintiff has also filed a surreply (Docket No. 36). Fully briefed, the matter is now ripe for adjudication. For the following reasons, the Defendant's motion is GRANTED.

## BACKGROUND

The facts of this case are discussed in the Memorandum Opinion dismissing the Motion to Dismiss by Defendant Charles A. Jones and the associated companies. Plaintiff's Complaint asserts claims against Defendant Sarah C. Jones for securities fraud, breach of fiduciary duty, fraud, misappropriation, unjust enrichment, and constructive trust. (Docket No. 18 at ¶ 88-123. Defendant argues that the Amended Complaint fails to adequately allege that she committed either securities fraud or any of the aforementioned state law claims.

## DISCUSSION

Having reviewed the parties' arguments, the Court finds that the cause of action for securities fraud fails as a matter of law. Griffin fails to allege that Defendant Sarah Jones fraudulently induced his initial investments in the companies. Indeed, Griffin concedes that

1

Sarah Jones made no misstatements to him and that she exercised no active involvement in her husband's businesses. Griffin points solely to the fact that Sarah Jones is listed as an officer of one of Jones's companies as the basis for his claims against her.

Griffin's allegations do not satisfy the strict pleading standards the Private Securities Litigation Reform Act requires to sustain a claim for securities fraud. A plaintiff bringing an action for securities fraud must satisfy not only the typical requirement to plead his claim with particularity in accordance with Fed. R. Civ. P. Rule 9(b), but also the "additional and more exacting requirements" of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007)). The plaintiff must "(1) specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed [and] (2) state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* To prove that the defendant acted "with the required state of mind," a plaintiff must demonstrate "an inference of scienter [that is] more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs,* 551 U.S. at 314. "Scienter" means an intent to deceive or cheat. *Merzin v. Provident Fin. Group Inc.*, 311 F. Supp. 2d 674, 679-80 (S.D. Ohio 2004).

Griffin has not alleged that Defendant Sarah Jones made any statements at all to him, much less ones that were sufficiently misleading to satisfy the PSLRA's requirements. Instead, he alleges that she failed to tell him that CA Jones Management Group, LLC (CJM) had caused donations to be made from College Book Rental and/or Southeast Book Company to the First United Methodist Church. (Amended Complaint, Docket No. 18, ¶ 48.) He argues that her

position as president of CJM and as secretary of Integrated Computer Solutions, Inc. (ICS) required her to satisfy this duty.

However, CJM's filings with Kentucky Secretary of State's filings do not reflect that Sarah Jones was ever an officer of the organization. (Docket No. 26, Exhibit A.) Furthermore, as to ICS, Griffin has not alleged facts with sufficient particularity to satisfy the standards of the PSLRA. He fails to allege that Sarah Jones was aware of the charitable contributions, that she knew they were being made without Griffin's knowledge, or that she objected to the donations. He also does not allege that she played an active role in the management of ICS.

A plaintiff alleging fraud must "plead with particularity facts specific to each individual defendant that create a strong inference the defendant acted knowingly or recklessly." *In re Mutual Funds Investors Litigation*, 437 F. Supp. 2d 444, 446 (D. Md. 2006) (internal quotations omitted). Merely alleging that Sarah Jones held an office in one of the companies at issue does not satisfy this standard. Accordingly, Griffin's claim must fail.

As alleged in the complaint, the Court's subject matter jurisdiction as to Sarah Jones was based solely on the presence of a federal question. Finding that the federal cause of action must be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant Sarah Jones's Motion to Dismiss. Plaintiff's claims against Ms. Jones are accordingly dismissed. An appropriate order shall issue.