UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00163-TBR

DAVID GRIFFIN                                                                                           Plaintiff

v.

CHARLES JONES, *et al*.                                                                      Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff David Griffin's motion to dismiss. (DN 137). Defendant Charles Jones has responded. (DN 141). Griffin has replied. (DN 145). For the following reasons, Griffin's motion to dismiss (DN 137) is WITHDRAWN.

### BACKGROUND

This action arises from a soured business relationship between Charles Jones and David Griffin. Griffin claims that Jones induced him to invest over $28 million in Jones's businesses while making false representations about these companies and siphoning off money to entities controlled by Jones. This action is but one in a long line of litigation involving Griffin and Jones. More detail may be found in this Court's memorandum opinion granting summary judgment in favor of Griffin on Jones's counterclaims. Before the Court is Griffin's motion to dismiss his own claims against Jones without prejudice.

### STANDARD

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

41(a)(2). The "Court is vested with the discretionary authority to grant, with or without conditions, or to deny the plaintiffs' motion to dismiss under Rule 41(a)(2)." *Stevenson v. United States*, 197 F. Supp. 355, 357 (M.D. Tenn. 1961).

"Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). (*quoting Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*; *Manners v Fawcett Publications, Inc.* 85 F.R.D. 63, 65 (S.D.N.Y. 1979) (including "excessive and duplicitous expense of second litigation," and "extent to which current suit has progressed" as factors).

## DISCUSSION

Griffin seeks to dismiss his claims in this case because he has obtained judgments worth over $16 million "in two other matters styled *CBR Funding, LLC v. Charles A. Jones, et al.*, No. 1:13-CV- 01280-JDB-egb, U.S. District Court, Western District, Tennessee, and *Planters Bank, Inc. v. SE Book Company, LLC, et al.*, No. 12-CI-00430, Circuit Court, Calloway County, Kentucky." (DN 137). Griffin believes any further judgment he receives will be uncollectible as his prior judgments exceed Jones's assets.

In response, Jones argues that Griffin's dismissal must be with prejudice because this "is the fourth time Griffin has brought fraud claims against Jones, and he has dismissed them each time. *See Griffin v. Jones,* 5:12-cv-33-R (WDKY); *Griffin, et. al., v. Jones, et. al.,* 13-CI-420 (Calloway Circuit Court); *Baker & Taylor, Inc., v. College Book Rental LLC, Charles Jones, and David Griffin,* 3:12-cv-553 (WDNC); *Griffin v. Jones, et. al.,* 5:12-cv-163-R (WDKY)." (DN 141).

The Court finds that dismissal without prejudice is inappropriate in this case both because of the extensive litigation history between the parties and the advanced stage of this case. Griffin does provide justifications for each of the prior dismissals. The first case, a federal action in this Court, was dismissed by mutual agreement after the parties agreed to the appointment of Myles MacDonald as a receiver for the companies. The second case, a Kentucky state court action, involved a different set of claims and was dismissed when a bankruptcy trustee agreed to pursue those claims. Griffin admits the third case, a North Carolina federal action, involved the same claims.[1] However, Griffin and Jones agreed to dismiss their claims in that action to narrow the issues to claims asserted by a third party. Even assuming these prior dismissals were reasonable, the Court is compelled to acknowledge the long history of litigation, including the cases above, other civil litigation involving these parties, *see e.g. The McGraw-Hill Companies Inc. v. Jones*, No. 5:14-CV-00042 (W.D. Ky. 2012), and the bankruptcy proceedings involving most entities at issue in this case.[2]

---

[1] Griffin asserts claims of securities fraud, breach of fiduciary duty, fraud, misappropriation, unjust enrichment, and the imposition of a constructive trust. (DN 18).
[2] Bankruptcy petitions have been filed for College Book Rental (DN 57-1), ICS (DN 57-2), SE Book (DN 57-3), Blackrock (DN 57-4), and Jones (DN 169).

The Court also finds that this case has advanced sufficiently that it was would be unfair to grant a motion to dismiss without prejudice at this stage. This case is over three years old. All discovery is complete. Numerous motions to dismiss and for summary judgment have been briefed and ruled upon. The trial date is six weeks away. (DN 180). "When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (denying motion for voluntarily dismissal filed nine months after suit was filed where "[b]oth sides had filed responsive pleadings in addition to motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing").

"[A]n opportunity to withdraw a motion for dismissal without prejudice must be afforded a plaintiff before the dismissal is converted to one with prejudice." *Gravatt v. Columbia University*, 845 F.2d 54, 56 (2nd Cir. 1988). Griffin has already stated his preference that, should this Court be disinclined to dismiss his claims without prejudice, "Griffin would rather withdraw his motion and proceed to trial on his claims." (DN 145).

## CONCLUSION

For the foregoing reasons, the Court will allow Griffin to WITHDRAW his motion for dismissal without prejudice (DN 137).

cc:     Counsel